# EXHIBIT A



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

COVYE COUSINS
Vs.                                                                C.A. No.    2012 CA 004714 B
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY

## **INITIAL ORDER AND ADDENDUM**

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                                Chief Judge Lee F. Satterfield

Case Assigned to: Judge JUDITH N MACALUSO
Date:  May 31, 2012
Initial Conference: 9:30 am, Friday, August 31, 2012
Location:  Courtroom 415
           500 Indiana Avenue N.W.
           WASHINGTON, DC  20001                                    Caio.doc



## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc




**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Covye Cousins, 2nd Street, NW, Washington, DC  20001
_____
Plaintiff

0004714-12

vs.

Case Number _____

Washington Metro Transit Authority (SERVE Carol O'Keeffe)
600 5th Street, NW, Washington, DC  20001
_____
Defendant

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Timothy P. Leahy, DC Bar No. 472964
_____
Name of Plaintiff's Attorney

14300 Gallant Fox Lane, Suite 120
_____
Address
Bowie, MD  20715
_____

301-464-7448
_____
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date _____5/31/12_____

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                               CASUM.doc





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                                    Demandante
            contra
                                                    Número de Caso: _____
_____
                                    Demandado

**CITATORIO**

Al susodicho Demandado:

    Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

    A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                                                    *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                                                       Por: _____

_____
Dirección                                                        Subsecretario

_____
                                                       Fecha _____
Teléfono

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

    Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Covye Cousins<br>2nd Street, NW<br>Washington, DC 20001 | * * * * | |
| Plaintiff | * * | 0004714-12 |
| v. | * * | Case No. _____ |
| Washington Metropolitan Area<br>Transit Authority<br>600 5th Street, NW<br>Washington, DC 20001<br>SERVE GENERAL COUNSEL:<br>Carol O'Keeffe<br>600 5th Street, NW<br>Washington, DC 20001 | * * * * * * * * * | |
| And | * * | |
| Metro Transit Police Department<br>600 5th Street, NW<br>Washington, DC 20001<br>SERVE:<br>Michael Taborn, Chief<br>600 5th Street, NW<br>Washington, DC 20001 | * * * * * * * * | |
| And | * * | |
| David Hathaway<br>600 5th Street, NW<br>Washington, DC 20001 | * * * | |
| And | * * | |
| Davonne Williams<br>600 5th Street, N.W.<br>Washington, DC 20001 | * * * * | |
| Defendants | * * | |

RECEIVED
Civil Clerk's Office
MAY 3 1 2012
Superior Court of the
District of Columbia
Washington, D.C.

***********************************************************************

1

## COMPLAINT

**COMES NOW**, Plaintiff Covye Cousins, by and through undersigned attorney and files suit against the Washington Metropolitan Area Transit Authority ("WMATA"), Metro Transit Police Department ("MTPD"), David Hathaway, and Davonne Williams, and states:

## FACTS COMMON TO ALL COUNTS

1. Plaintiff is a resident of the District of Columbia residing at 2nd Street, NW, Washington, DC 20001.

2. Defendant Metro Transit Police Department is a tri-state law enforcement agency serving WMATA and established by Congress in 1976 with its principal office location at 600 5th Street, NW, Washington, DC 20001.

3. Upon information and belief, Defendant Hathaway is a security officer with WMATA's Metro Transit Police Department.

4. Upon information and belief, Defendant Williams is a security officer with WMATA's Metro Transit Police Department.

5. On or about January 15, 2011, Plaintiff was riding the P6 Metro bus when he was confronted by Defendants David Hathaway and Davonne Williams, employees of WMATA's Metro Transit Police Department who demanded that he leave the bus for non-payment.

6. Plaintiff attempting to show his fare card to the Defendants to prove that he had paid to be on the bus and the Defendants forcibly took the fare card and broke it in front of him.

7. Defendants kicked, pushed, and forcibly removed the Plaintiff from the bus and continued to assault him by pushing him to the ground, kneeling on his back, kneeing him in the head, and spraying him with pepper spray.

8. Plaintiff was incarcerated from January 15, 2011 until January 24, 2011 on charges of Unlawful Entry, Disorderly Conduct, and Threats and Assault on Police Officer brought against him by Defendants Hathaway, Williams, and Metro Transit Police Department.

9. Following his release, Plaintiff was again incarcerated on February 18, 2011 on parole violation as a result of the charges brought against him by the Defendants Hathaway, Williams, and Metro Transit Police Department where he remained until December 17, 2011.

10. On June 13, 2011 the States Attorney nolle prosequi the Disorderly Conduct Charge.

11. On June 17, 2011 the State's Attorney nolle prosequi the Unlawful Entry charge and retained Plaintiff's fare card without producing it in discovery as requested by the Plaintiff.

12. Trial of Plaintiff on the remaining charge of Threats and Assault on Police Officer occurred in July 17, 2011 in the Superior Court of the District of Columbia where Defendants Hathaway and Williams appeared before the Court and falsely, maliciously, and without probable cause, testified that Plaintiff had committed Threats and Assaults on a Police Officer.

13. Upon conclusion of trial, which terminated in favor of the Plaintiff, Judge Linda D. Turner stated her concern about the "veracity of your principal witness [David Hathaway] . . . regarding the amending of the Gerstein, adding new, and filling out charges, not hitting boxes on the charges that are pending in this case at this point in time". The Judge also stated that "there was some over aggressive action by Officer Hathaway" and that she had suspicion that Officer Hathaway "saw his buddy bus driver Metro colleague and we take care of our own."

14. Plaintiff lost his job as a result of his incarcerations and since his release from jail in December, 2011, has been unable to find steady employment.

15.     As a result of the conduct and actions of Defendants Hathaway, Williams, and Metro Transit Police Department, Plaintiff has suffered and will continue to suffer severe mental anguish, medical and other related expenses, and loss of income.

### COUNT I – Assault

16.     Plaintiff incorporates paragraphs 1-15 as if fully set forth herein.

17.     The Defendants intentionally and unlawfully threatened physical force and violence against the Plaintiff.

18.     The Defendants' threats caused Plaintiff to fear imminent and serious bodily harm.

19.     Because Defendants Hathaway and Williams comported themselves as security officers Plaintiff reasonably believed that they had the present ability to cause Plaintiff imminent and serious bodily harm.

20.     As a result of the conduct and actions of Defendants Hathaway, Williams, and Metro Transit Police Department, Plaintiff has suffered and will continue to suffer severe mental anguish, medical and other related expenses, and loss of income.

**WHEREFORE**, Plaintiff demands judgment against Defendants in the amount of One Hundred Thousand Dollars ($100,000.00) in compensatory damages, plus interest and costs and punitive damages of Three Hundred Thousand Dollars ($300,000.00).

### COUNT II – Battery

21.     Plaintiff incorporates paragraphs 1-20 as if fully set forth herein.

22.     Defendants Hathaway and Williams unlawfully and intentionally touched and used force on Plaintiff in a harmful, offensive, and insulting way.

23. Plaintiff did not consent to being touched by Defendants, in any way, let alone being punched, pushed, knocked to the ground, kneed, and pepper sprayed. Hathaway and Williams used more force than was reasonably necessary under the circumstances.

24. As a result of the conduct and actions of Defendants Hathaway, Williams, and Metro Transit Police Department, Plaintiff has suffered and will continue to suffer severe mental anguish, medical and other related expenses, and loss of income.

**WHEREFORE**, Plaintiff demands judgment against Defendants in the amount of One Hundred Thousand Dollars ($100,000.00) in compensatory damages, plus interest and costs and punitive damages of Three Hundred Thousand Dollars ($300,000.00).

### COUNT III – False Arrest

25. Plaintiff incorporates paragraphs 1-24 as if fully set forth herein.

26. Defendants intentionally detained and restrained Plaintiff, by both threats of and actual violence, without a warrant or other legal justification.

27. As a result of the conduct and actions of Defendants Hathaway, Williams, and Metro Transit Police Department, Plaintiff has suffered and will continue to suffer severe mental anguish, medical and other related expenses, and loss of income.

**WHEREFORE**, Plaintiff demands judgment against Defendants in the amount of One Hundred Thousand Dollars ($100,000.00) in compensatory damages, plus interest and costs and punitive damages of Three Hundred Thousand Dollars ($300,000.00).

### COUNT IV – Defamation

28. Plaintiff incorporates paragraphs 1-27 as if fully set forth herein.

29. The Defendants published false statements against the Plaintiff. The allegations in the warrant instituted by Defendants, and subsequent false testimony, were defamatory statements

in that they attributed criminal acts and characteristics to the Plaintiff and were designed to injure him in his trade and community standing.

30. Defendants acted intentionally or with gross negligence in causing the warrant against Plaintiff to be issued and subsequently presenting false testimony against the Plaintiff as they knew, or should have known, that their statements were false.

31. The warrant and ensuing incarceration injured the Plaintiff in his employment by costing him his job, home, and other economic damages.

32. As a result of the conduct and actions of Defendants Hathaway, Williams, and Metro Transit Police Department, Plaintiff has suffered and will continue to suffer physical injury, severe mental anguish, medical and other related expenses, and loss of income.

**WHEREFORE**, Plaintiff demands judgment against Defendants in the amount of One Hundred Thousand Dollars ($100,000.00) in compensatory damages, plus interest and costs and punitive damages of Three Hundred Thousand Dollars ($300,000.00).

### COUNT V – Negligent Hiring/Supervision

33. Plaintiff incorporates paragraphs 1-32 as if fully set forth herein.

34. Defendant WMATA failed to exercise ordinary care in the hiring and or supervision of Defendants Hathaway and Williams.

35. Defendant WMATA owed a duty of care to Plaintiff as customer of the Metro system.

36. Defendant WMATA breached that duty by hiring, failing to train and/or supervise Defendants Hathaway and Williams resulting in their tortious acts against the Plaintiff.

37. As a result of the tortious acts committed against Plaintiff, Plaintiff lost his job, home, suffered economic damages.

38. As a result of the conduct and actions of Defendants Hathaway, Williams, and Metro Transit Police Department, Plaintiff has suffered and will continue to suffer physical injury, severe mental anguish, medical and other related expenses.

**WHEREFORE**, Plaintiff demands judgment against Defendants in the amount of One Hundred Thousand Dollars ($100,000.00) in compensatory damages, plus interest and costs and punitive damages of Three Hundred Thousand Dollars ($300,000.00).

### COUNT VI – Malicious Prosecution

39. Plaintiff incorporates paragraphs 1-38 as if fully set forth herein.

40. Defendants instituted and continued criminal proceedings against the Plaintiff.

41. The criminal proceedings terminated in favor of the Plaintiff.

42. Defendants lacked probable cause for the criminal proceedings and acted with malice in bringing and pursuing the criminal proceedings.

43. As a result of the conduct and actions of Defendants, Plaintiff has suffered and will continue to suffer physical injury, severe mental anguish, medical and other related expenses, and loss of income.

**WHEREFORE**, Plaintiff demands judgment against Defendants in the amount of One Hundred Thousand Dollars ($100,000.00) in compensatory damages, plus interest and costs and punitive damages of Three Hundred Thousand Dollars ($300,000.00).

Respectfully submitted,

BYRD & BYRD, LLC

Timothy P. Leahy, Superior Court Bar #472964
14300 Gallant Fox Lane, Suite 120
Bowie, Maryland 20715
(301) 464-7448
(301) 805-7055 fax
tleahy@byrdandbyrd.com

**JURY DEMAND**

Plaintiff demands a jury trial.

_____
Timothy P. Leahy, Superior Court Bar #472964