# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COVYE COUSINS )<br>)<br>        Plaintiff, )<br>)<br>v. )<br>)<br>DAVID HATHAWAY, et al. )<br>)<br>        Defendants. )<br>_____) | Case Number: 1:12-cv-01058<br>Judge Robert Wilkins |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants David Hathaway and Davonne Williams, pursuant to Civil Rule 56 and 12(b)(6), hereby move the Court to enter judgment for Defendants and dismiss this action. As grounds for this motion, Defendants assert that there are no genuine issues of material fact with respect to the question of whether either Defendant had a good faith, reasonable belief based upon the facts known at the time of Plaintiff's arrest, that Plaintiff had committed a crime. There are no genuine issues of material fact on the issue of the alleged excessive force in arresting and subduing Plaintiff.

WHEREFORE, for the foregoing reasons, and as stated in greater detail in the accompanying Memorandum, these Defendants respectfully request that this Motion be granted, that judgment be entered for Defendants, and that the case be dismissed with prejudice.

Respectfully submitted,

**DEFENDANTS HATHAWAY AND WILLIAMS**

Kathryn H.S. Pett  #1013423
WMATA General Counsel

/s/ Kathleen A. Carey
Kathleen A. Carey #357990
WMATA Chief Counsel - Torts

/s/ Brendan H. Chandonnet
Brendan H. Chandonnet #986719
Assistant General Counsel
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-2805
Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COVYE COUSINS )<br>)<br>    Plaintiff, )<br>) Case Number: 1:12-cv-01058<br>v. ) Judge Robert Wilkins<br>)<br>DAVID HATHAWAY, et al. )<br>)<br>    Defendants. )<br>_____ ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

A. Preliminary Facts

On January 15, 2011, at approximately 12:30 AM, Plaintiff, Covye Cousins, boarded a WMATA bus without paying his fare. While operating the bus, WMATA Bus Operator Adrienne Howard signaled to Defendant Transit Officers and reported that Plaintiff had failed to pay his fare and, although the bus operator requested payment, he continued to refuse to do so. Officers Hathaway and Williams boarded the bus, and removed Plaintiff from the bus. Following a struggle, Officer Hathaway used his O.C. spray to subdue Plaintiff and arrested and charged him with unlawful entry and disorderly conduct. District of Columbia Fire and Emergency Medical Services transported Mr. Cousins to George Washington University Hospital for treatment of the effects of the O.C. spray. At the hospital, he continued to be combative, attempted to kick Defendants and threatened to physically harm both Officers and members of their families. Officer Hathaway administered O.C. spray to control Plaintiff in the hospital.

B. Elements of Common Law Claims[1]

   a. Assault and Battery

An assault is an intentional and unlawful attempt or threat, either by words or by acts, to do physical harm. Jackson v. District of Columbia, 412 A.2d 948, 955 & fn.15 (D.C. 1979). A battery is an intentional act that causes a harmful or offensive bodily contact. Jackson, supra at 955. A police officer is privileged to use reasonable force in carrying out official duties. A citizen may press a civil claim for assault and battery, however, if an officer uses "clearly excessive" force in an arrest. Jackson, supra at 955-956; Gabrou v. May Dep't Stores Co., 462 A.2d 1102, 1105 fn.4 (D.C. 1983).

   b. False Arrest

A false arrest is an intentional and unlawful arrest of another. Marshall v. District of Columbia, 391 A.2d 1374, 1380 (D.C. 1978). If an arresting officer has a reasonable good faith belief, based on the facts and circumstances known to the officer at the time of the arrest, in the validity of the arrest and detention, the arrest is lawful. District of Columbia v. Tulin, 994 A.2d 788, 799-800 (D.C. 2010); Dewitt v. District of Columbia, 43 A.3d 291, 295 (D.C. 2012).

   c. Malicious Prosecution

An action for malicious criminal prosecution requires proof of the initiation or continuation of a criminal action, with malice and without probable cause, that ultimately terminates in the plaintiff's favor and results in special injury to the plaintiff as a result of the prosecution. Dewitt v. D.C., supra at 296. There is no meaningful distinction between probable

---

[1] This case does not include a §1983 claim and is based solely on common law causes of action. Whether Probable Cause existed for the arrest is determined by subjective standard based on what the arresting officer knew of Plaintiff's actions. This is significantly different from the "objective reasonableness" standard present in a §1983 claim. See, Pitt v. District of Columbia, 491 F.3d 494, 508-509. (D.C. Cir. 2007).

cause in the context of a claim for false arrest, and probable cause in a claim for malicious prosecution. Prieto v. May Dept. Stores Co. 216 A.2d 577, 578 (D.C. 1966).

    d. Defamation

The elements of a claim for defamation are 1) that the defendant made a false and defamatory statement concerning the plaintiff; 2) that the defendant published the statement without privilege to a third party; 3) that the defendant's fault in publishing the statement amounted to at least negligence; and 4) that either the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm. Oparaugo v. Watts, 884 A.2d 63, 76 (D.C. 2005)

  C. Legal Standard

The good faith, reasonable belief of a police officer, upon information provided on the scene, that a crime had been committed, is a complete defense to common law claims for false arrest, defamation and malicious prosecution. This is a subjective test and is evaluated by looking at the information Defendants received from the bus operator.

  D. Defendant Hathaway Is Entitled to Summary Judgment on All Claims

In this case, Plaintiff Cousins cannot dispute information provided by the WMATA bus operator to Officers Hathaway and Williams. When the officers approached the bus, after being flagged down by the bus operator outside the L'Enfant Plaza Metrorail Station, the operator reported that Plaintiff had not only failed to pay his fare, but he had also refused the bus operator's request to get off the bus. Regardless of Plaintiff's protestations otherwise, at that point in time, based upon what the operator reported, the officers had a sufficient basis to conclude that Plaintiff had committed the crime of failure to pay his fare in violation of D.C. Code §35-216 (2011) (Exhibit E). District of Columbia v. Tulin, 994 A.2d at 799-800; Dant v.

District of Columbia, 829 F.2d 69 (D.C. Cir. 1987); and Tillman v. WMATA, 695 A.2d 94 (D.C. 1997).

In both Dant and Tillman, the arresting officers had information based upon direct observation that the plaintiff had failed to pay a fare.  For purposes of analyzing the claim in the case-at-bar, the fact that the bus operator provided the information, as opposed to arising from the Transit Officer's own observation, does not alter the analysis or the conclusion.  The record is silent as to any reason why the arresting officer should disbelieve the bus operator.  Plaintiff Cousins admits that he and the bus operator "had words" over her allegation to him that he had walked to the back of the bus without paying his fare.  It is, therefore, undisputed that the bus operator told the arresting officer that Mr. Cousins had not paid and had refused to exit the bus. This information from the operator provided a good faith, reasonable basis for Defendant Hathaway to conclude that there was probable cause to support an arrest for unlawful entry, (D.C. Code § 22-3302(b) (Exhibit E), and disorderly conduct (D.C. Code §22-1321 (2011 ed.)) (Exhibit F).

Similarly, the existence of probable cause also defeats Plaintiff's claim of malicious prosecution. Gabrou v. May Dep't Stores Co., 462 A.2d at 1105  (D.C. 1983). Dewitt v. District of Columbia, 43 A.3d at 296 (D.C. 2012).

In an action for defamation, Plaintiff must demonstrate that the statement is more than "unpleasant or offensive; the language must make the plaintiffs appear 'odious, infamous, or ridiculous.'" Klayman v. Segal, 783 A.2d 607, 613 (D.C. 2001).  Whether the alleged statement is defamatory depends upon both the receiving party and the context in which the statement is made, and is a question of law to be decided by the court. Franklin v. Pepco Holdings, Inc., 875 F. Supp. 2d 66, 74 (D.D.C. 2012); Klayman v. Siegel, supra. In this case, the statements made by

Officer Hathaway to the Assistant United States Attorney in the charging documents and in the papering interview do not make Plaintiff appear "odious, infamous, or ridiculous." When considering the context of the statement, providing facts to a prosecuting attorney whose job is to listen to facts of alleged criminal activity, as a matter of law, these statements cannot rise to the level of defamatory statements.

With respect to the assault and battery claim, Plaintiff will be unable to demonstrate that the actions of the officers in handcuffing Plaintiff constitute excessive force. <u>Tillman v. WMATA</u>, 695 A.2d at 97. Plaintiff has not complained of any injury as a result of handcuffing. On the use of O.C. spray, Plaintiff must demonstrate "clearly excessive" force by Officer Hathaway. O.C. is a recognized and authorized agent issued to police officers for use in restraining resistant arrestees. (WMATA Transit Police General Order #130) (Exhibit H). Plaintiff admits to refusing the Transit officers orders to exit the bus and admits that he physically resisted such efforts. Plaintiff Cousins admits to being "agitated" and that he "had words" with Defendant Hathaway and that he "cursed" at the Officer outside of the bus. Plaintiff has not identified any witness who will testify that Defendant Hathaway's use of O.C. was unreasonable, a violation of accepted police procedures or clearly excessive under these circumstances.

E. <u>Davonne Williams' Limited Role Entitles Her to Summary Judgment on All Claims</u>

While Plaintiff testified that he was physically handled by Defendant Hathaway, he makes no such claims regarding Defendant Williams. Plaintiff does not claim that Defendant Williams played any role in his removal from the bus. He makes no claim of any physical contact with Defendant Williams, other than her assisting with his handcuffing, and she did not employ her O.C spray at any time, during or after the arrest. Plaintiff testified that Officer

Hathaway told him that his partner had to assist in placing his second hand in handcuffs, but that he never saw her during that period. Cousins Dep. at 77-78. The first time plaintiff saw Officer Williams was when he entered a squad car to travel to the hospital. Cousins Dep. at 78.

Because Plaintiff has provided no testimony regarding a touching other than assistance with placing his second hand into cuffs, Plaintiff's assault and battery claims against officer Williams must also fail. A police officer is privileged to use reasonable force in carrying out official duties. Jackson v. District of Columbia, 412 A.2d at 955-956. Officer Williams acknowledges that she assisted in handcuffing Mr. Cousins. However, handcuffing without more does not constitute excessive force. Tillman v. WMATA, supra. Plaintiff offered no evidence of any violation of police department regulations or standards governing the use of handcuffs, and no expert testimony demonstrating in any fashion that the officer's conduct was so clearly excessive that it amounted to a common law tort. Id. There is no testimony from which a jury could find that the force applied by Officer Williams in assisting in applying one handcuff was excessive or unreasonable.

An action for malicious criminal prosecution first requires proof of the institution of a criminal action. Dellums v. Powell, 566 F.2d 167, 191 (D.C. Cir. 1977). Officer Hathaway, along with the US Attorney's Office instituted criminal proceedings against Plaintiff and not Defendant Williams. She, therefore, cannot be liable for malicious prosecution. Officer Williams did not complete any paperwork, nor provide any input into the creation of paperwork or reports, other than drafting a "Use of Force" report. Williams Dep. at 37-51. It was Officer Hathaway who created all of the paperwork resulting from this arrest including the paperwork necessary to institute criminal proceedings against Mr. Cousins. Id. Specifically, Officer Hathaway created the Gerstein Report. Hathaway Dep. at 27; ( Exhibit C).

A similar set of facts was presented in Pitt v. District of Columbia, 491 F.3d 494 (D.C. Cir. 2007).  The Court held that an officer who had no role in the actual institution of criminal proceedings could not be held liable for malicious prosecution.  While the detective in that case did participate in the investigation of the crime, his level of involvement was insufficient to establish that he was responsible for the institution of the malicious proceedings. Id. at 505. "Police officers who 'sign and swear to a criminal complaint on which the public authorities base their prosecution of the plaintiff" may be liable." Id (citation omitted).   But officers who do not prepare or sign the arrest report or speak to the screening attorneys in the U.S. Attorney's Office are not considered to be responsible for the institution of criminal proceedings. Id. While Officer Williams participated in the arrest of Mr. Cousins, she had no role in the creation of the Gerstein report, did not meet with the screening attorneys and did not provide any affidavits which led to Mr. Cousins being prosecuted.  As such, Officer Williams is entitled to summary judgment on the claim of malicious prosecution.

For the same reasons that Plaintiff's false arrest claim against Officer Hathaway fails, it fails against Officer Williams.   Defendants had probable cause to arrest Mr. Cousins for unlawful entry based upon the allegations of the bus operator. The case law in this jurisdiction compels a finding for the officers if they had a reasonable, good faith belief that their conduct in arresting Mr. Cousins was lawful.  Good faith belief is based upon the information viewed from the perspective of the officer at the time of the arrest.   Based upon the complaint made by the bus operator regarding Mr. Cousins, his insistence that he had paid his fare, and his unwillingness to leave the bus, there was sufficient information supporting probable cause for an arrest on the charge of unlawful entry.

Notwithstanding the above, Officer Williams cannot be liable for false arrest since she

was not the arresting officer. The arrest/prosecution report lists Officer Hathaway as the arresting officer in this case (Exhibit D). On that basis alone, Officer Williams is entitled to Summary judgment on the claim of false arrest.

Plaintiff also claims defamation against Officer Williams. The only statements made by Officer Williams against Plaintiff that were "published," occurred during the rebuttal testimony that she provided at Plaintiff's criminal trial. Plaintiff must prove that he suffered an actual injury as a result of Defendant's statement. Plaintiff was exonerated at trial, therefore he suffered no actual injury as a result of the testimony of Officer Williams. Therefore, Defendant Williams is entitled to summary judgment on the claim of defamation.

WHEREFORE, for the foregoing reasons, these Defendants respectfully request that this Motion be granted, judgment be entered for Defendants, and that the case be dismissed with prejudice.

          Respectfully submitted,

          **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**

          Kathryn H.S. Pett #1013423
          General Counsel

          /s/ Kathleen A. Carey
          Kathleen A. Carey #357990
          Chief Counsel - Torts

          /s/ Brendan H. Chandonnet
          Brendan H. Chandonnet #986719
          Assistant General Counsel
          600 Fifth Street, N.W.
          Washington, D.C. 20001
          (202) 962-2805
          Attorneys for Defendants


## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **Motion For Summary Judgment, Statement of Material Facts Not in Dispute, Memorandum of Points and Authorities, Exhibits and Proposed Order** were electronically served on this 9th day of October, 2012 on:

Timothy Leahy
Byrd and Byrd, LLC
14300 Gallant Fox Lane, Suite 120
Bowie, MD 20715

           /s/ Brendan H. Chandonnet
           Brendan H. Chandonnet